1910, in the manner and form set forth in the decision. (See *Matter of Burtis*, 107 App. Div. 51; *Matter of Richardson*, 137 id. 104.) All concurred.

Bradley Winslow, Respondent, v. George M. Wood and Others, as and Constituting the Firm of N. Wood & Sons, Appellants, Impleaded with Henry Bargy, as Committee, etc., of William A. Jenkins, Respondent, and Others.— Judgment affirmed, with costs. All concurred.

Mary Valvo, as Administratrix, etc., of Russell Valvo, Deceased, Respondent, v. Webster Citizens Company, Appellant.— Judgment and order affirmed, with costs. All concurred; Lambert, J., not sitting.

The People of the State of New York, Appellant, v. Mary L. Fisher, Defendant. Le Roy Crawford, Intervening as Party Defendant, Respondent.— Motion for leave to appeal to Court of Appeals granted and question for review certified.

In the Matter of the Will of Ernest Irving Price, Deceased.— Motion granted and appeal dismissed.

Giovanni Banchetti, as Administrator, etc., of Antonio Di Litta, Deceased, Appellant, v. Gorsline & Swan Construction Company, Respondent.— Appeal dismissed, without costs, upon stipulation filed.

---

## First Department, June, 1913.

William A. Avis and Another, Copartners, etc., Appellants, *v.* Rosa W. Straus, Individually and as Executrix, etc., of Louis Straus, Deceased, and Others, Respondents.

*Practice— money paid into court.*

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 7th day of October, 1912, directing the payment to the defendant Rosa W. Straus, individually, of certain money deposited in court to abide the event of this action.

Per Curiam: We regard this money which the court has ordered to be paid as money paid into court to abide the result of an action to be brought; and that action having been brought and determined in favor of the defendant Rosa W. Straus, she is entitled, under the stipulation, to a return of the said money. If the money in question was not money paid into court, the court would have no power by a summary order to direct its disposition. The provisions of rule 69 of the General Rules of Practice require that all orders directing the payment of money out of court shall direct the payment to be made to the person entitled to receive the same. Under this rule the money must be paid to Rosa W. Straus, or to her attorney in fact. The order must, therefore, be modified by striking out the provision directing the money to be paid to her attorneys, and by further providing that this order is without prejudice to the rights of the plaintiffs or other creditors as against the defendant Rosa W. Straus. Present— Ingraham, P. J., McLaughlin, Laughlin, Clarke and Scott, JJ. Order modified as directed in opinion. Order to be settled on notice.